**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MACIAS ZAMBRANO GUSTAVO,<br>Petitioner,<br>v.<br>DESERT VIEW ANNEX ADELANTO CALIFORNIA,<br>Respondent. | Case No. 5:26-cv-01891-MWC-ACCV<br>**ORDER DISMISSING PETITION** |

## BACKGROUND

On April 14, 2026, proceeding *pro se*, Macias Zambrano Gustavo, filed a Petition for Writ of Habeas Corpus ("Petition") Under 28 U.S.C. § 2241 seeking release from the Desert View Facility in Adelanto, California. (Dkt. 1.) On May 26, 2026, the Court issued an order dismissing the petition with leave to amend because the Petition failed to allege sufficient facts to support a claim for relief. (Dkt. 12.) The Court gave Petitioner to June 26, 2026, to file an amended petition. (*Id.*) On June 25, 2026, Respondent filed a Status Report informing the Court that Petitioner was granted bond by an Immigration Judge on June 17, 2026. (Dkts. 14, 14-1.) Because Petitioner was released near the deadline to file an amended petition, the Court ordered Petitioner to show cause as to why the Court should not dismiss the Petition due to his failure to file

an amended petition by July 29, 2026. (Dkt. 16.) The Court warned Petitioner that failure to file an amended petition may result in dismissal. (*Id.*)

As of the date of this Order, Petitioner has failed to show cause why this case should not be dismissed and failed to otherwise participate in this litigation.

## DISCUSSION

District courts have *sua sponte* authority to dismiss actions for failure to prosecute or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-33, 82 S. Ct. 1386, 8 L.Ed.2d 734 (1962); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) ("District courts have the inherent power to control their dockets and, in the exercise of that power they may impose sanctions including, where appropriate, dismissal of a case.").

In deciding whether to dismiss for failure to prosecute or comply with court orders, a court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik*, 963 F.2d at 1260-61.

Here, the first two factors—public interest in expeditious resolution of litigation and the court's need to manage its docket—weigh in favor of dismissal. Petitioner has not filed an amended petition, nor requested an extension to do so. Furthermore, Petitioner did not respond to the Court's June 25, 2026 Order to Show Cause which granted Petitioner additional time to file an amended petition. This failure to prosecute and follow court orders hinders the Court's ability to move this case toward disposition, and suggests Petitioner does not intend to litigate this action diligently.

The third factor—prejudice to the respondent—also weighs in favor of dismissal. A rebuttable presumption of prejudice to the respondent arises when a petitioner unreasonably delays prosecution of an action. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests that such a presumption is unwarranted in this case.

The fourth factor—public policy in favor of deciding cases on the merits—ordinarily weighs against dismissal. It is, however, Petitioner's responsibility to move towards disposition at a reasonable pace, and avoid dilatory and evasive tactics. *See Morris v. Morgan Stanely*, 942 F.2d 648, 652 (9th Cir. 1991). Petitioner has not discharged his responsibility despite having been: (1) instructed on his responsibilities; (2) granted sufficient time in which to discharge them; and (3) warned of the consequences of failure to do so. (*See* Dkt. 16.) Under these circumstances, the policy favoring resolution of disputes on the merits does not outweigh Petitioner's failure to follow court orders or file responsive documents within the time granted.

The fifth factor—availability of less drastic sanctions—also weighs in favor of dismissal. The Court cannot move the case toward disposition without Petitioner's compliance with court orders or participation in this litigation. Petitioner has shown he is either unwilling or unable to comply with court orders by filing responsive documents or otherwise cooperating in prosecuting this action.

Finally, while dismissal should not be entered unless petitioner has been notified dismissal is imminent, *see W. Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1523 (9th Cir. 1990), the Court warned Petitioner about dismissal. (Dkt. 16.)

Accordingly, because it appears that Petitioner has abandoned this litigation, and because Petitioner has failed to respond to Court orders, the Court **DISMISSES** this case, without prejudice.

**ORDER**

Based on the foregoing, **IT IS ORDERED** that Judgement be entered **DISMISSING** this case without prejudice.

DATED: August 3, 2026

HON. MICHELLE WILLIAMS COURT
United States District Judge